IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JEREMY HARRIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 3:20-CV-1292-DWD |
| | ) |
| **WEXFORD HEALTH SOURCES, INC.,** | ) |
| **L. PITTMAN,** | ) |
| **P.A. STOVER,** | ) |
| **NURSE WARD, and** | ) |
| **JOHN/JANE DOES** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Jeremy Harris brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while a prisoner at Lawrence Correctional Center ("Lawrence"). Specifically, Plaintiff alleges Defendants were deliberately indifferent to his serious medical conditions in violation of the Eighth Amendment. He seeks monetary damages and injunctive relief, including a preliminary injunction.

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the

factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint: At age 14, Plaintiff was diagnosed with scoliosis, and was later diagnosed with degenerative disc disease. (Doc. 1, p. 6). It causes him pain, stiffness and nerve issues. (*Id.*, p. 7). Prior to his incarceration, Plaintiff was treated for these conditions with physical therapy and Norco. (*Id.*, p. 6).

On May 15, 2019, Plaintiff was transferred to Lawrence. (*Id.*). Plaintiff informed Defendant Stover (a nurse practitioner or physician assistant at Lawrence) of his condition on several occasions. (*Id.*, p. 8). Stover refused to order Plaintiff's pre-incarceration hospital records and prescribed him non-steroidal anti-inflammatory (NSAID) medications, despite Plaintiff explaining they were ineffective. (*Id.*).

On July 13, 2019, Plaintiff had a severe episode where he lost feeling and movement in his legs. (*Id.*, p. 9). Plaintiff was given laxatives and ice. (*Id.*). He was seen by Defendant Ward, a nurse, who released him with laxatives after he informed her that ice exacerbated the problems. (*Id.*). After this episode, Stover did not change his pain medication, but did add Cymbalta. (*Id.*).

Plaintiff was also seen by Defendant Pittman, a physician at Lawrence. (*Id.*, p. 10). Pittman informed Plaintiff that she "could not prescribe adequate pain medication to Plaintiff" due to Wexford policy. (*Id.*). She did not order Plaintiff's records, physical therapy or any testing. (*Id.*). Plaintiff states that the John/Jane Doe have "consistently refused to timely schedule Plaintiff for follow-up appointments, etc." (*Id.*, p. 11).

Based on the allegations in the Complaint, the Court finds it convenient to designate the following Count at issue in this *pro se* action:

**Count 1:** Eighth Amendment claim for deliberate indifference to a serious medical condition against Stover, Pittman, Ward, Wexford and John/Jane Does

**Any other claim that is mentioned in the Complaint but not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Discussion

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A medical deliberate-indifference claim requires proof that the prisoner suffered from "(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). A prisoner may establish deliberate indifference by demonstrating that the treatment he received was "blatantly inappropriate." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (*quoting Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005)). Plaintiff has adequately pled that he had an objectively serious medical condition (scoliosis and associated degenerative disc disease), and that his requests for effective treatment were ignored or denied by Defendants Stover and Pittman. He has also made a sufficient

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

pleading that Defendant Ward's decision to treat his severe pain and temporary paralysis with ice and laxatives (and no referral to a physician) was blatantly inappropriate for the condition.

To state a claim against a private corporation such as Wexford, Plaintiff must demonstrate that the wrongdoers acted pursuant to an unconstitutional policy or custom, *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 664 (7th Cir. 2016); *Shields v. Ill Dep't of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014); *Perez v. Fenoglio*, 792 F.3d 768, 780 & n. 5 (7th Cir. 2015), and that the policy was the moving force behind the constitutional violation. *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)). Plaintiff has adequately pled that his requests for effective pain management were denied based on a Wexford policy.

Plaintiff has failed, however, to make out a viable claim against the John/Jane Doe Defendants. While a plaintiff may use the "John Doe" designation to refer to specific individuals whose names are unknown, a plaintiff will run afoul of the pleading standards in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) by merely asserting that indefinite groups of individuals violated his constitutional rights. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (finding the phrase "one or more of the Defendants" did not adequately connect specific defendants to illegal acts, and thus failed to adequately plead personal involvement). To allow otherwise would be effectively allowing Plaintiff to amend his Complaint further at will without review of this Court, a result contrary to both the local rules and § 1915A. Because the Complaint neither describes the unknown defendants nor gives a sufficient

description of their conduct to help identify them, Plaintiff could ascribe any conduct he chooses to any number of people that occurred at any time during the relevant time period. As such, Plaintiff's claims against the John/Jane Doe Defendants is dismissed without prejudice.

## Motion for Preliminary Injunction

To obtain preliminary injunctive relief, Plaintiff must demonstrate that (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the relief. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the Court then must balance the harm to each party and to the public interest from granting or denying the injunction. *Id*.

Here, Plaintiff has failed to show that he will suffer irreparable harm without relief prior to final judgment. Harm is considered irreparable if it "cannot be prevented or fully rectified by the final judgment after trial." *Whitaker By Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1045 (7th Cir. 2017) (citations omitted). Plaintiff states that the ongoing denial of adequate medical care "will accelerate the degeneration of Plaintiff's spine" which might cause him to require surgery or become wheelchair-bound. (Doc. 1, p. 13). However, this does not speak to the need for immediate intervention. The prison records he attached to his Complaint shows that he has slight loss of disc height consistent with mild degenerative disc disease, consistent with his prior 2010 medical records. (*Id.*, pp. 36, 38). Without some indication that he will suffer

a harm without immediate relief, the extraordinary step of a preliminary injunction is not warranted.

## Disposition

For the foregoing reasons, Count 1 will proceed against Stover, Pittman, Ward, and Wexford.  Defendants John/Jane Does are **DISMISSED without prejudice** and the Clerk of Court is **DIRECTED** to terminate them as parties to the case.

The Clerk of Court is further **DIRECTED** to **ADD** Deanna Brookhart, in her official capacity as Warden of Lawrence only, as a Defendant in this case for purposes of carrying out any injunctive relief that may be ordered.

The Clerk of Court shall prepare for Defendants Stover, Pittman, Ward, Wexford and Brookhart: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff.  If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the

address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

    **IT IS SO ORDERED.**
    **DATED: May 24, 2021**

                                              **/s David W. Dugan_____**
                                              **David W. Dugan**
                                              **U.S. District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more.  When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**