IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JEREMY HARRIS,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 3:20-cv-1292-DWD |
| | ) |
| **WEXFORD HEALTH SOURCES, INC.,** | ) |
| **LYNN PITTMAN, SARA STOVER, and** | ) |
| **PAM WARD,** | ) |
| | ) |
|    **Defendants.** | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge**:

This matter is before the Court for purposes of case management. On February 8, 2023, Defendants filed a Motion for Summary Judgment (Doc. 80). On February 15, 2023, Plaintiff was given notice, under Federal Rule of Civil Procedure 56 and Local Rule 7.1(c)(1), he had until March 17, 2023, to file a Response to the Motion for Summary Judgment. (Doc. 82). Before that date, Plaintiff filed a Motion for an Extension of Time (Doc. 83), indicating he had not received Defendant's Motion for Summary Judgment. For that reason, on March 22, 2023, the Court granted Plaintiff's Motion for an Extension of Time, extending his time to file a Response to the Motion for Summary Judgment to April 21, 2023. (Doc. 84). The Court, as a one-time courtesy, directed the Clerk of the Court to send copies of the Motion for Summary Judgment and the Supporting Affidavit (Doc. 81) to Plaintiff at his address of record, the Sheridan Correctional Center. (Doc. 84).

On March 24, 2023, the Clerk of the Court sent the aforementioned documents

(Docs. 80 & 81), along with the Court's Order at Doc. 84, to Plaintiff as directed. However, on April 14, 2023, the documents sent to Plaintiff (Docs. 80, 81, 84) were returned to the Clerk of the Court as undeliverable because Plaintiff had been discharged. (Doc. 85). As a result, on April 19, 2023, the Court entered an Order to Show Cause, which outlined the above-described procedural posture as well as the following warning to Plaintiff:

> Previously, Plaintiff was advised of his continuing obligation to keep the Clerk of the Court apprised of any change in his address (Doc. 4), and Plaintiff followed that advisement on two occasions (Docs. 39 & 59). Plaintiff was also advised that the failure to timely update his address within 7 days could result in a dismissal of this action for want of prosecution. (Doc. 4). Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, on or before **May 12, 2023**, why this action should not be dismissed based on his failure to comply with the Court's Order at Doc. 4 and for the failure to prosecute his claims. *See* Fed. R. Civ. P. 41(b). Plaintiff is **WARNED** that the failure to respond to this Order to Show Cause will result in a dismissal of the action. The Clerk of the Court is **DIRECTED** to transmit a copy of this Order to Show Cause to Plaintiff at the address most recently provided to the Court. Finally, in order reconcile Plaintiff's response deadlines, the Court *sua sponte* extends his deadline to file a Response to the Motion for Summary Judgment to **May 12, 2023**. The failure to file such a Response could result in an assumption of the merits of that Motion.

(Doc. 86).

On April 20, 2023, the Clerk of the Court sent Doc. 86 to Plaintiff. That document, like Docs. 80, 81, and 84, was returned to the Clerk of the Court as undeliverable. (Doc. 87). The return envelope again indicated Plaintiff was discharged from the Sheridan Correctional Center. (Doc. 87). Therefore, to date, Plaintiff has still failed to comply with the Court-ordered deadlines relating to changes in his address, a Response to Defendants' Motion for Summary Judgment, and the Order to Show Cause. (Docs. 4 & 86).

Now, the Court has the authority to *sua sponte* dismiss this case "as part of the

2

'control necessarily vested in courts…to achieve the orderly and expeditious disposition of cases.' [Citation]." *See Dunphy v. McKee*, 134 F.3d 1297, 1299-1300 (7th Cir. 1998); *accord Matter of Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995); *see also* Fed. R. Civ. P. 41(b). There is no requirement that the Court enter a lesser sanction prior to the dismissal of a case for lack of prosecution. *See McMahan v. Deutsche Bank AG*, 892 F.3d 926, 932 (7th Cir. 2018) (citing *Ball v. City of Chicago*, 2 F.3d 752, 756 (7th Cir. 1993)); *accord McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012) ("[J]udges do not abuse their discretion by declining to employ 'progressive discipline.' [Citations]."). However, a court must warn a *pro se* plaintiff before *sua sponte* dismissing his or her case. *See McMahan*, 892 F.3d at 933; *McInnis*, 697 F.3d at 665; *Matter of Bluestein & Co.*, 68 F.3d at 1025.

Here, the Court **FINDS** Plaintiff has abandoned his claims. After his release from prison, Plaintiff failed to comply with the Order at Doc. 4 by updating his address with the Court, as he did on two other occasions. (Docs. 4, 39, 59). This has resulted in all communications, sent by the Court to Plaintiff, being returned as undeliverable. Further, Plaintiff failed to respond to the Order to Show Cause as to why this case should not be dismissed for the failure to comply with the Order at Doc. 4. (Doc. 86). In that Order to Show Cause, as in the Order at Doc. 4, Plaintiff was warned that the failure to comply would result in a dismissal of the case. (Docs. 4 & 86). To date, Plaintiff's whereabouts are unknown and he has not filed a Response to the Motion for Summary Judgment, despite an extension of the time to do so and the Rule 56 notice. (Doc. 86).

In light of these facts, which demonstrate a failure to prosecute by Plaintiff, the Court declines to allow this case to linger on the docket. *See Thompson v. Stover*, No. 20-

cv-252, 2022 WL 17851622, *1-2 (S.D. Ill. Dec. 22, 2022) (dismissing case with prejudice after finding the plaintiff abandoned his claims, where he failed to provide his updated contact information after his release from prison and move from temporary housing, was not in contact with his attorney, did not appear at a hearing or update his address with the Court, and failed to respond to an order to show cause); *Cook v. Collman*, No. 19-cv-967, 2022 WL 364998, *1-2 (S.D. Ill. Aug. 24, 2022) (dismissing case with prejudice after finding the plaintiff abandoned his claims, where, after his release from jail, the plaintiff was not in contact with his attorneys, missed his deposition, did not update his address with the Court, and failed to respond to an order to show cause); *Britz v. Effinghman Co. Sheriff's Dep't*, No. 19-cv-1379, 2022 WL 3348777, *1-2 (S.D. Ill. Aug. 12, 2022) (dismissing case with prejudice and terminating a pending motion for summary judgment after finding the plaintiff failed to prosecute his claims, where, *inter alia*, he did not respond to an order to show cause or a pending motion for summary judgment, despite notice under Rule 56 and local rules); *Kelly v. Braun*, No. 20-cv-941, 2021 WL 4125143 (S.D. Ill. 2021) (granting defendants' joint motion to dismiss without prejudice after finding the plaintiff had made no attempt to litigate his claims since being released from jail, where he failed to comply with a Court order to update his address, did not communicate any address change to his attorney or respond to his attorney's communications about the case, failed to respond to an order to show cause, and did not appear at a hearing).

For these reasons, all pending motions are **TERMINATED** and the case is **DISMISSED with prejudice**. The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

**SO ORDERED.**

Dated: June 9, 2023.

s/ *David W. Dugan*
───────────────────────────
DAVID W. DUGAN
United States District Judge